NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY A. WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CAPITAL ONE AUTO FINANCE, INC., ADVANCED FINANCIAL, ADESA AUCTIONS NEW JERSEY, THE PEAK SERVICE CORP., NDC LLC, DEFENDANTS JOHN DOES 1 TO 3, ET AL.,<br><br>　　　　　　　　Defendants. | Civil Action No. 2:10-cv-0484 (SDW)<br><br>**OPINION**<br><br>December 6, 2010 |

**WIGENTON**, District Judge.

Before the Court is Defendant's, The Peak Services Corporation ("Peak Services"), Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action in Lieu of Answer ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Peak Services' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division on December 21, 2009, alleging that Peak Services violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq, and caused him personal injury. According to Plaintiff, the violations arose on July 10, 2007, while Peak Services was attempting to repossess an automobile

purchased by Plaintiff using funds obtained from Capital One Auto Finance, Inc. Defendant ADESA Auctions New Jersey filed a notice of removal on January 27, 2010, and Defendant Peak Services filed this motion to dismiss on May 19, 2010.

**DISCUSSION**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). A pleading is sufficient if it alleges "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. De Kalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (holding that a court does not need to credit "bald assertions" or "legal conclusions" of a complaint when deciding a motion to dismiss). Further, "[a] court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003).

Although Plaintiff does not name Peak Services in any of the counts listed in the Complaint, this Court will construe the Complaint in the light most favorable to Plaintiff. Plaintiff makes several allegations against "the repossession agents," which could include Peak

2

Services. Based on that assumption, at most, this Court can read the complaint as alleging that Peak Services violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq., and caused personal injury.

The United States Code states that:

> An action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.
>
> [15 USCS § 1692k(d).]

Further under New Jersey law "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2.

According to Plaintiff, Peak Services caused him injuries and damages on July 10, 2007. The Complaint was filed on December 21, 2009, more than two years after the date of the injury. Therefore, Plaintiff's complaint as it relates to Peak Services is time barred.

## CONCLUSION

For the reason stated above, the part of the Complaint that relates to Peak Services is **dismissed**. Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action in Lieu of Answer is **granted.**

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk

cc: Madeline Cox Arleo, U.S.M.J.

    Parties