NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY A. WASHINGTON,<br><br>                              Plaintiff,<br>v.<br><br>CAPITAL ONE AUTO FINANCE, INC., ADVANCED FINANCIAL, ADESA AUCTIONS NEW JERSEY, THE PEAK SERVICE CORP., NDC LLC, DEFENDANTS JOHN DOES 1 TO 3, ET AL.,<br><br>                              Defendants. | Civil Action No. 2:10-cv-0484 (SDW)<br><br>**OPINION**<br><br>July 20, 2011 |

**WIGENTON**, District Judge.

Before the Court are a motion for default judgment, submitted by Plaintiff, and a motion to dismiss Plaintiff's complaint on behalf of Defendant Capital One Auto Finance, Inc. (Capital One), pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's request for a default judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division on December 21, 2009, alleging claims against several defendants for violations that allegedly arose on July 10, 2007, while Peak Services was attempting to repossess an automobile purchased by Plaintiff using funds obtained from Capital One. Defendant ADESA Auctions New Jersey filed

1

a notice of removal on January 27, 2010. Plaintiff filed a motion for default judgment against Capital One on March 1, 2011, and Capital One filed a cross-motion to dismiss on March 21, 2011.

## DISCUSSION

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> [*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556–57, 570) (internal citations omitted).]

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the "well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct," the complaint should be dismissed for failing to demonstrate "that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). *Id.* Further, "[a] court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003). However, the court will construe liberally any complaints submitted by pro-se plaintiffs. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28 (3d Cir. 2011).

Plaintiff's complaint puts forth claims for intentional torts, conversion, negligence, the Fair Debt Collection Practices Act, and various violations of the New Jersey criminal code.

The United States Code states that:

An action to enforce any liability created by this title[, the Fair Debt Collection Practices Act,] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

[15 U.S.C. § 1692k(d).]

Further under New Jersey law "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2. As explained in this Court's Opinion filed on December 6, 2010, Plaintiff alleges that defendants caused him injuries and damages on July 10, 2007. The Complaint was filed on December 21, 2009, more than two years after the date of the injury. Therefore, Plaintiff's claims pertaining to intentional torts, negligence, and the Fair Debt Collection Practices Act are time barred.

Plaintiff's other claims also fail. All counts of the complaint alleging violations of criminal law must also be dismissed. Violations of the New Jersey criminal code "are left to the agencies charged with the enforcement of the criminal laws." *In re Resolution of State Com. of*

*Investigation*, 108 N.J. 35, 41 (1987) (quoting *Trisolini v. Meltsner*, 23 N.J. Super. 204, 208-09 (App. Div. 1952)).

Furthermore, as New Jersey courts have explained "[t]he tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." *Advanced Enters. Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161 (App. Div. 2005). That is, the item converted must have belonged to the injured party. *Id.* Plaintiff does not assert his rightful ownership of the car nor does he claim that he was not in default of his car loan. Plaintiff takes issue with the manner in which his car was repossessed. Therefore, any claims for conversion must also be dismissed as Plaintiff does not contend that Capital One did not have ownership of the car or other items attached to the car.

## CONCLUSION

For the reason stated above, all claims against Capital One must be dismissed making Plaintiff's request for a default judgment and Capital One's arguments regarding improper service both moot. In addition, all claims against the remaining defendants are dismissed with prejudice as Plaintiff has failed to provide proof of service for these defendants.

<u>s/Susan D. Wigenton, U.S.D.J.</u>


Orig:   Clerk

cc:     Madeline Cox Arleo, U.S.M.J.

        Parties